UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| PHILLIPPE L. SMITH, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1002 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 12, 24 |
| | : | | |
| ADRIAN FENTY *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

GRANTING DEFENDANTS MILLER, FENTY AND BROWN'S MOTIONS TO DISMISS

I. INTRODUCTION

In this civil action filed *pro se*, the plaintiff brings suit pursuant to 42 U.S.C. § 1983 ("§ 1983") for alleged actions taken during his confinement at the District of Columbia's Correctional Treatment Facility ("CTF").[1] Defendants Deborah Miller, Devon Brown and District of Columbia Mayor Adrian Fenty (collectively "the moving defendants") move to dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below the court grants these defendants' motions to dismiss. Accordingly, only employees of the Corrections Corporation of America ("CCA") remain as defendants in this case.

II. BACKGROUND

The plaintiff alleges generally that the defendants violated his rights under the First,

---

[1] "CTF is run under the auspices of [the District's Department of Corrections], but [the Department] contracts the facility's operation and management to Corrections Corporation of America." *Wormley v. U.S.*, 601 F. Supp. 2d 27, 31 (D.D.C. 2009).

Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments during his confinement at CTF at an unspecified time as well as committed various common law torts. *See generally* Compl. The plaintiff sues Miller in her capacity as contract monitor for the District of Columbia Department of Corrections ("DOC"), alleging that she "fail[ed] to investigate, and rectify [his] grievances," Compl. at 14,[2] and that she, along with District of Columbia Mayor Adrian Fenty, DOC Director Devon Brown and CTF Warden John Caulfield, "evaded obligations to insure that actions of employe[e]s under their command [do not] endanger persons or interest of persons subject to their custody," *id*. at 22. The plaintiff also alleges that Fenty and Brown knowingly "turned [a] blind eye" to his complaints against CTF, *id*. at 13, and faults Fenty for failing to "take away [CCA's] contract," *id*. at 12. The plaintiff seeks monetary damages of $10 million and equitable relief. *Id*. at 12.

Defendant Miller filed a motion to dismiss on August 6, 2009, *see generally* Miller Mot., which the plaintiff opposed on September 10, 2009, *see generally* Pl.'s Opp'n. Defendants Fenty and Brown filed a joint motion to dismiss on September 24, 2009. *See generally* Fenty & Brown Mot. On September 28, 2009, the court advised the plaintiff, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), that failure to respond to defendants Fenty and Brown's motion could result in the court treating the motion as conceded.[3] *See generally* Order (Sept. 28, 2009). Nevertheless, the plaintiff never filed a response to that motion.

---

[2]   Because the complaint is not numbered sequentially throughout, the court will refer to the electronic docket page numbers assigned thereto.

[3]   The court issued a similar order after Miller filed her motion, *see generally* Order (Sept. 2, 2009), and the plaintiff filed his opposition to Miller's motion eight days later, *see generally* Pl.'s Opp'n.

### III.  ANALYSIS

### 1.  Legal Standard for Dismissal Under Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief").  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. at 1949.  "The plausibility standard is not akin to

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### 2. The Court Grants the Defendants' Motions to Dismiss

#### a. The Court Dismisses the Claims Against Defendants Miller, Fenty and Brown

Defendants Miller, Fenty and Brown argue that the plaintiff's claims against them are improper and should be asserted against the District of Columbia only. Miller Mot. at 3; Fenty & Brown Mot. at 3-4. The plaintiff responds that he should be permitted to file an amended complaint to cure any deficiency before the court grants defendant Miller's motion to dismiss. Pl.'s Opp'n at 1-2. Defendants Fenty and Brown, however, allege that allowing the plaintiff to amend his complaint would be futile because the plaintiff's § 1983 claim fails against the District as well. Fenty & Brown Mot. at 6.

To state a claim under § 1983, the plaintiff must allege the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of

state, territorial or District of Columbia law. 42 U.S.C. § 1983. Defendants Miller, Fenty and Brown correctly assert that the plaintiff has not stated a claim against them in their individual capacities because the allegations in the complaint fail to establish their personal involvement in any injurious conduct. *See Iqbal*, 129 S. Ct. at 1948 (noting that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Even if the moving defendants failed to investigate the plaintiff's grievances at CTF, no constitutional deprivation is either alleged or apparent in the plaintiff's complaint, and negligence is not a cognizable claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). In addition, the plaintiff's allegation that the moving defendants and other high-level District officials somehow "evaded obligations" to assure that CTF employees protected the safety of prisoners in their charge implies an official-capacity claim, which is in effect against the District of Columbia. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining that "official capacity suit, in contrast [to personal-capacity suits], 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 659, 690 n.55 (1978)). Accordingly, the court dismisses the claims against these defendants in their official capacities.

### b. Amendment of the Plaintiff's Complaint Would Be Futile

Defendants Fenty and Brown further argue that, even if the plaintiff were allowed to amend his complaint to add a § 1983 claim against the District of Columbia, such a claim would be subject to dismissal. Fenty & Brown Mot. at 6-9. The plaintiff filed no response to defendants Fenty and Brown's motion.

A municipality may be held liable under § 1983 only if the alleged wrongdoing resulted from an unconstitutional policy, practice or custom promulgated or sanctioned by the municipality. *See Atchinson v. Dist. of Columbia*, 73 F.3d 418, 420 (D.C. Cir. 1996). Liability cannot be based on a theory of respondeat superior or vicarious acts. *Monell*, 436 U.S. at 691 (concluding "that a municipality cannot be held liable solely because it employs a tortfeasor"); *accord Iqbal*, 129 S. Ct. at 1948 (citing cases). To determine municipal liability under § 1983, the district court must conduct a two-step inquiry. *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). First, the court must determine whether the plaintiff establishes a predicate constitutional or statutory violation. *Id.*; *see also Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991). If so, the court then determines whether the complaint alleges that a custom or policy of the municipality caused the violation. *Id.*; *see also Monell*, 436 U.S. at 694.

The plaintiff's potential municipal liability claim fails to satisfy the second requirement because it is premised on the allegedly independent, rogue acts of CTF employees, *see* Compl. at 14-19, rather than on an identifiable policy or custom of the District, *see Monell*, 436 U.S. at 694 (holding that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983"). Accordingly, allowing the plaintiff to amend his complaint to add the District as a defendant would be futile.[4]

In light of the court's determination that the plaintiff has not stated a federal claim against defendants Miller, Fenty and Brown, the court declines to exercise supplemental jurisdiction over

---

[4]  Moreover, despite the court's warning, *see* Order (Sept. 28, 2009), the plaintiff did not file a response to defendants Fenty and Brown's motion to dismiss and has thus conceded that amending his complaint would be futile, *see* LCvR 7(b).

any common law claims against those defendants.  *See* 28 U.S.C. § 1367(c)(3).

### IV.  CONCLUSION

For the foregoing reasons, the court grants defendant Miller's motion to dismiss and grants defendants Fenty and Brown's motion to dismiss.  An Order consistent with this Memorandum Opinion is separately and  contemporaneously issued this 16th day of February 2010.

                    RICARDO M. URBINA
                    United States District Judge